IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-149-D
No. 5:14-CV-90-D

| | |
|---|---|
| CESAR BERNAL AREYANES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

On March 31, 2014, Cesar Bernal Areyanes ("Areyanes") filed a pro se motion to vacate, set aside, or correct his 87-month sentence pursuant to 28 U.S.C. § 2255 [D.E. 79]. He also filed a supporting memorandum of law [D.E. 74]. In Areyanes's section 2255 motion, he alleges that he received ineffective assistance of counsel because (1) counsel failed to consult with him regarding an appeal and (2) counsel failed to file a notice of appeal. See [D.E. 74-1] 2. On May 12, 2014, the government moved to dismiss Areyanes's section 2255 motion [D.E. 81]. On June 2, 2014, Areyanes responded to the government's motion [D.E. 84]. As explained below, the court grants the government's motion to dismiss.

On September 4, 2013, Areyanes pleaded guilty, without a plea agreement, to conspiracy to distribute and possess with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. §§ 841 and 846 (count one); distribution of a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (count two); possession of a firearm in furtherance of a drug trafficking offense and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1) (count four); and possession of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5) and 924 (count six). See [D.E. 1, 47]. On

December 5, 2013, the court sentenced Areyanes to 27 months' imprisonment on counts one, two, and six to run concurrently, and 60 months' imprisonment on count four to run consecutively, yielding a total term of 87 months' imprisonment. See [D.E. 47].

On December 12, 2013, Areyanes (through counsel) filed a timely notice of appeal. See [D.E. 56]. On October 15, 2014, the United States Court of Appeals for the Fourth Circuit affirmed his sentence. See United States v. Areyanes, No. 13-4939, 2014 WL 5158682, at *2 (4th Cir. Oct. 15, 2014) (per curiam) (unpublished).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

2

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotation omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party must also show that counsel's deficient performance prejudiced the party. See id. at 687. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

An attorney who fails to appeal after a defendant instructs him to do so "is per se ineffective." United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (citing Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)); United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). When a defendant does not convey his wishes concerning an appeal one way or another, however, counsel's failure to appeal constitutes ineffective assistance only where counsel failed to consult with the defendant about an appeal, counsel had a constitutionally imposed duty to do so, and the defendant can

3

demonstrate actual prejudice as a result of counsel's failure to consult (i.e., a reasonable probability that he would have timely appealed but for counsel's deficient performance). See, e.g., Roe, 528 U.S. at 478; Witherspoon, 231 F.3d at 926; Miller v. United States, 150 F. Supp. 2d 871, 878–82 (E.D.N.C. 2001).

Counsel "consults" with a defendant about an appeal by "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Roe, 528 U.S. at 478; accord Witherspoon, 231 F.3d at 926. Counsel's constitutional duty to consult with a defendant arises "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe, 528 U.S. at 480; accord Witherspoon, 231 F.3d at 926. In determining whether a rational defendant would have wanted to appeal, the court considers, among other factors, whether "the defendant's conviction followed a trial or a guilty plea[,] . . . and whether the plea expressly reserved or waived some or all appeal rights." United States v. Cooper, 617 F.3d 307, 313 (4th Cir. 2010).

Areyanes's counsel filed a timely notice of appeal [D.E. 56]. Areyanes now acknowledges this fact and acknowledges that his section 2255 motion is baseless. See [D.E. 84]. Thus, the claim fails.

After reviewing the claims presented in Areyanes's section 2255 motion, the court concludes that reasonable jurists would not find the court's treatment of any of Areyanes's claims debatable or wrong, and that none of the issues are adequate to deserve encouragement to proceed further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

In sum, the court GRANTS the government's motion to dismiss [D.E. 81], DISMISSES

4

Areyanes's section 2255 motions [D.E. 74, 79], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This **23** day of November 2014.

                                                    JAMES C. DEVER III
                                                    Chief United States District Judge